## Case No. 12,991.

### In re SMITH.

[16 N. B. R. 113.] [1]

District Court, E. D. Virginia. Aug. 2, 1877.

BANKRUPTCY—PARTNERSHIP—SURETY FOR DEBT—RIGHTS OF SOLVENT PARTNER.

Where a partnership of two partners in equal interest were bound as a firm as surety for a debt, and a decree was rendered against the firm for the debt, to be paid, and which was paid, out of the social assets, the firm having been dissolved, and a balance having been left due, but not ascertained by judicial judgment or de-

1 [Reprinted by permission.]

cree. from one of the partners to the other, and the partner who owed the balance having, after all this, gone into bankruptcy, *held*, that the solvent partner had no right to be subrogated to the rights of the creditor of the firm, who obtained the decree, for half the amount paid, against the individual estate of the bankrupt partner, as against other creditors of that partner.

On exceptions of P. W. Harwood, late partner, to the report of liens and their priorities, made by Special Commissioner Howard.  G. W. Smith and P. W. Harwood were partners under the name of Smith & Harwood.  In a chancery suit between the partners for a settlement of accounts, it was ascertained by a decree of June 26, 1873, that as of the 3d of June, 1873, their partnership assets amounted to twenty thousand nine hundred and fifty-three dollars and forty-five cents, and their debts to thirteen thousand eight hundred and seventy-seven dollars and thirty cents, leaving an estimated surplus of seven thousand and seventy-six dollars and fifteen cents, but that Smith owed Harwood, on account of the transactions of the firm, ten thousand and seventy-five dollars and fifteen cents. There has been no final decree ascertaining the clear assets of the firm, and requiring Smith to pay any finally ascertained sum to Harwood.  In a suit pending at the time by Douglass H. Gordon against one L. W. Rose as principal, and the firm of Smith & Harwood as guarantors, for a debt held by Gordon against Rose, there was a recovery, by decree of May 13, 1874, against these defendants.  The property of Rose being insufficient to pay the whole debt, the decree required the firm of Smith & Harwood to make good a deficiency of five thousand eight hundred and ninety-four dollars and sixty-three cents, due as of June 6, 1874, which sum was directed to be paid, and was paid, out of the assets of Smith & Harwood. Smith afterwards went into bankruptcy, and this court became charged with the duty of settling his estate. Harwood, by exception to the report of liens and their priorities, made in the cause by Special Commissioner Howard, claims a lien upon the individual estate of Smith, by right of subrogation to Gordon, for half the debt of five thousand eight hundred and ninety-four dollars and sixty-three cents, which was paid out of the partnership assets to Gordon.

E. Y. Cannon and C. U. Williams, for exceptant.

F. M. Conner, for other lien creditors.

HUGHES, District Judge. If this debt of the firm had not been paid out of the social assets, but had been paid out of the individual property of Harwood, then the question of subrogation as to half the debt, in favor of Harwood, might arise. But the debt having been paid with social assets, there is no right of subrogation as to Harwood's half, so far as the debt specifically paid with social assets is concerned.  If in the suit for settlement between the partners a final balance had been found due from Smith to Harwood, and a decree rendered requiring Smith to pay that balance to Harwood; and afterwards this debt to Gordon had been decreed, and Harwood had paid it out of his individual means; then, and in that event, Harwood might have had a right of subrogation for half against Smith's individual estate.  There is no reason why a person who is a partner, has become surety for another happening to be a partner, and has out of his individual means, after final settlement of the partnership affairs, paid a joint debt, should not be subrogated to the rights of the creditor of both against the individual estate of the other partner, for the proportion of the joint debt for which his other partner was liable. See Will. Eq. Jur. (Ed. 1875) pp. 107–117, and cases cited. But this right of substitution plainly cannot arise when the debt was a social debt, and was paid with social assets; certainly not as against the creditors of either partner.  The debt to Gordon was a social debt, and paid out of social assets. The payment consumed, or well-nigh consumed, the whole assets of the firm, leaving Smith's debt to the firm, which amounted on the 3d of June, 1873, to ten thousand and seventy-five dollars and sixty-three cents, wholly or almost wholly due.  If Harwood had obtained a decree against Smith for a definite sum as the balance due especially to himself, into which balance this debt paid to Gordon would indirectly have entered, the balance itself might have been claimed of Smith by Harwood, as any other creditor might claim an ascertained debt. But Harwood cannot, in the absence of such decree of final settlement, go back of it to the suit of Gordon against the firm, and claim contribution out of Smith's estate for half of the Gordon decree.  The payment of that decree out of the social assets only created an item in the account between the two partners and their firm, and only indirectly fell upon Harwood for payment out of his portion of the social assets, or his individual estate.

The report of the commissioner in this respect, as in all others, must be confirmed; and I will sign a decree accordingly.